RINGGOLD CORPORATION, a Texas Corporation, Plaintiff–Counter–claim– defendant–Appellant,

v.

Holly WORRALL; Douglas Worrall, Individually and d/b/a The Frame Factory, Defendant – Counter – claimant – Third – party–plaintiff,

v.

Michael F. CONTI, a citizen of California; Thomas J. Devine, a citizen of Texas; Framing Supplies Company, Inc., a California Corporation, Third– party–defendants–Appellants.

No. 87–2045.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1989.

Decided July 27, 1989.

Before GOODWIN, Chief Judge, HUG, and TANG, Circuit Judges.

PER CURIAM:

Ringgold Corporation, Thomas Devine, Michael Conti, and Framing Supplies Company, Inc. ("appellants"), appeal the district court's entry of a default judgment in favor of Holly and Douglas Worrall ("the Worralls").

## BACKGROUND

In 1982, Ringgold sued the Worralls in the United States District Court for the Southern District of Texas, alleging breach of a franchise license agreement and failure to pay franchise royalties from operation of a do-it-yourself picture framing franchise. The Worralls counterclaimed against Ringgold, and brought third-party claims against Devine and Conti, both officers of Ringgold, and Framing Supplies Company, a partnership in which Devine and Conti were partners. The Worralls alleged that appellants defrauded them in connection with the franchise agreement. The litigation was soon transferred to Hawaii, where it continued until the events at issue in this appeal.

In 1984, appellants' first local counsel, Roy Konani, withdrew from representing them. Appellants retained the law firm of Carlsmith, Wichman, Case, Mukai & Ichiki. In February, 1986, that firm withdrew because appellants were uncooperative, not returning phone calls or responding to discovery requests, and not paying their legal fees. After the Carlsmith firm withdrew, appellants were represented by Peter A. Lee and Oliver, Lee, Cuskaden & Ogawa. On April 25, 1986, a Scheduling Conference was held, and on May 13, 1986, an order prepared by Lee was entered setting the final pretrial conference for October 9, 1986, and trial for October 21, 1986.

On September 9, 1986, Lee moved to withdraw as counsel, citing failure of Ringgold to pay expenses, legal fees, or a $10,000 retainer as promised in his fee agreement, as well as difficulty in obtaining responses to written correspondence or telephone calls. There had been a "breakdown of communication between [Lee] and Ring-

W. McNab Miller, III, Parks, Tradd, Mulder & Miller, Houston, Tex., for Ringgold Corp.

Christian P. Porter, Miller & Ichinose, Honolulu, Hawaii, for Holly Worrall.

gold," which "severely and detrimentally" affected the ability of Lee to represent Ringgold. Lee's affidavit also states that he wrote to Devine and Conti on August 29, 1986, to inform them that he planned to withdraw as counsel, that he informed Ringgold of "the urgency needed in obtaining new counsel and of the possible consequences to Ringgold if it fails to appear in any future proceedings herein." The affidavit also states that trial had been set for the week of October 20, 1986. A certificate of service notes that on September 9, 1986, the motion and accompanying affidavit were mailed to appellants at Ringgold's business address: 9605 Dalecrest, Houston, Texas 77080.

The accompanying Notice of Hearing on Motion to Withdraw as Counsel states on its cover: "TRIAL: Week of 10/20/86." That notice of hearing was also sent to Ringgold's Houston, Texas address on September 9, 1986, and informed appellants that Lee's motion to withdraw would be heard at 2:00 p.m. on September 15, 1986. The record gives no indication that appellants responded to these events in any way. Lee's motion to withdraw was granted at the hearing, effective September 19, 1986, and a written order to that effect was filed October 2, 1986. No one other than Lee appeared on behalf of appellants at the September 15, 1986, hearing. The court was "satisfied that actual notice of th[e] hearing had been received by [appellants]." The order also stated that no continuances would be allowed, and required that appellants appear with local counsel by October 3, 1986, "failing which appropriate sanctions, including default or dismissal, may be issued by the Court."

The order provided that Lee notify the Worralls "of the last known addresses and telephone numbers of the [appellants] for the purpose of affecting [sic] further service of any pleadings or papers in this matter." Lee provided the Houston business address. Lee also transmitted a copy of the Order Granting Motion to Withdraw as Counsel to Ringgold, though not until October 16, 1986.

Appellants failed to retain new counsel or otherwise appear. On October 7, 1986, counsel for the Worralls served the Worralls' pretrial statement on appellants at their Houston address by certified mail. Appellants failed to attend a pretrial conference scheduled for October 9, 1986. Also on October 9, 1986, the court issued an order confirming the trial date and procedures, which was served on all parties of record. The order specified a trial date of October 21, 1986, as had both the Motion to Withdraw sent to Ringgold on September 9, 1986, and the Scheduling Conference Order of May 13, 1986.

The pretrial conference was continued to October 14, 1986. On October 14, appellants again failed to appear, and the district court directed the Worralls to file a motion for default with a hearing set for the originally scheduled trial date, October 21, 1986 at 9:00 a.m. On October 15, 1986, the Worralls filed a motion for entry of default and default judgment, which they mailed to appellants at the Houston address on October 16, 1986.

On October 21, 1986, appellants failed to appear and the district court held a hearing on the motion for entry of default and default judgment. The court also heard evidence on the amount of damages the Worralls had sustained on their counterclaim and third-party claims. On October 31, 1986, the court granted the Worralls' motion for an entry of default and default judgment. It assessed over $800,000 in damages and attorneys fees against appellants. A final judgment was entered on November 24, 1987. In addition, the court dismissed Ringgold's complaint against the Worralls on October 31, 1986, *nunc pro tunc* as of October 21, 1986.

On November 14, 1986, the appellants filed a motion to set aside the default judgment alleging they received inadequate notice of the October 21, 1986, hearing date. On February 19, 1987, construing appellants' motion to set aside the default judgment as a Rule 59(e) motion for reconsideration, the district court denied reconsideration.

*Conti's Motion to Dismiss*

■ After oral argument, Conti moved to have his appeal dismissed as moot. Appellants' counsel informs the court that Conti has filed for bankruptcy and that the Bankruptcy Court for the Central District of California has discharged the default judgment of November 24, 1986 as to Conti. We grant Conti's motion and dismiss his appeal.

*Notice of the Default Judgment*

■ Appellants argue that the district court erred in granting the Worralls' motion for entry of default and default judgement because of the Worralls' failure to comply with the notice requirements of Fed.R.Civ.P. 55(b)(2). A failure to satisfy the notice requirement specified in Rule 55(b)(2) is considered a serious procedural error that usually justifies reversal on appeal or setting aside of a default. *Wilson v. Moore & Associates, Inc.*, 564 F.2d 366, 369 (9th Cir.1977).

Rule 55(b)(2) requires that "the party entitled to a judgment by default shall apply to the court.... If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least *3 days* prior to the hearing on such application." *Id.* (emphasis added). Rule 55(b)(2) applies to entry of default judgment when the party suffering the default has appeared in the action. Here, all appellants had appeared. In addition to the three days required under Rule 55(b)(2), three more days are required by Fed.R.Civ. P. 6(e), and intermediate Saturdays, Sundays, and legal holidays are excluded by Fed.R.Civ.P. 6(a). Under this method of calculation, notice mailed October 16, 1986, provided inadequate notice of the October 21, 1986, hearing.

■ The notice requirements of Rule 55(b)(2) are inapplicable to this case. This is not a typical default judgment, where a party shows no interest in defending a claim. Rather, this case is analogous to

*Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61 (2d Cir.1986).

In *Brock*, the district court had faced repeated efforts by defense counsel to delay proceedings. A bench trial was adjourned after two days of testimony, at the request of defense counsel—he claimed that one of his clients was ill and that he was unable to contact his other client. Eleven days later, on February 19, the deadline set by the district court, he informed the court that his client had become well enough to testify and could testify on any day other than February 25. The court notified him that trial would soon resume, on a date other than February 25. On the afternoon of February 25, the court notified defense counsel's office that trial would resume the next morning. When defense counsel did not appear the next morning, the court again notified his office and ordered the case to proceed at 1:00 p.m. When, at 1:45 p.m., defense counsel still had not shown up, no substitute had been sent, and the court had not been contacted, the court declared a default and proceeded to take testimony from the plaintiff's witnesses.

The Second Circuit affirmed the entry of a default, stating,

> In this context, a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun.

786 F.2d at 64. The situation is no different when, after repeated failure to attend pretrial conferences, otherwise participate in or remain informed about the litigation, a party fails to attend on the first day of a trial scheduled months before.

■ Appellants claim no knowledge of the trial date, yet the district court found that they had "adequate notice thereof." The trial date was set in an order filed May 13, 1986, many months in advance and well before their counsel withdrew. Even before appellants' counsel withdrew, they had a duty to keep track of the progress of their lawsuit. They are considered to have notice of all facts known to their lawyer-

agent. *See Coleman v. Smith,* 814 F.2d 1142, 1146 (7th Cir.1987); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). They were notified of their counsel's motion to withdraw, yet failed to oppose that motion. Once counsel withdrew, their duty to keep track of their lawsuit became that much greater.

*Last Known Address of Framing Supplies*

■ Framing Supplies Company, Inc., also contends that the district court erred by granting the Worralls' motion for default because the Worralls did not serve Conti or Framing Supplies at their last known addresses.

Fed.R.Civ.P. 5(b) provides that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to [him] or by mailing it to [him] at [his] last known address." The Worralls sent notice of the default judgment to Ringgold's Houston address on October 16, 1986. Framing Supplies argues that the Houston address is not correct as to it, and that the Worralls knew Framing Supplies' last known address in California, but chose to send notice to Houston instead.

The various other communications of September and October, 1986, were also sent to the Houston address. This was the address that Lee used to serve his notice to withdraw as counsel for appellants, and where Lee communicated with appellants. In granting Lee's motion to withdraw, the district court ordered Lee to inform the Worralls of appellants' last known addresses and telephone numbers for purposes of service of process. Lee gave the Houston address for each of Ringgold, Devine, and Conti. For Framing Supplies, Lee gave the Houston address, "c/o Michael Conti." Nowhere in the record on appeal (except in Conti's post-default affidavit—executed in Texas on January 23, 1987) does there appear a California address for Conti or Framing Supplies.

We AFFIRM the judgment of the district court as to Ringgold, Framing Supplies,

and Devine. Conti's motion to dismiss his appeal is granted.