62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$22,000.00 IN U.S. CURRENCY, Defendant,
and
Howard Neu Ingram, Jr., Appellant.
 No. 94-16855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Neu Ingram, Jr., a federal prisoner, appeals pro se the district court's order denying his Fed. R. Civ. P. 60(b) motion to vacate the civil forfeiture default judgment, and his Fed. R. Crim. P. 41(e) motion for return of $22,000.00 in U.S. Currency. Ingram contends that the district court erred by finding that it lacked jurisdiction over the $22,000.00 and that Ingram had not met the burden for setting aside a default judgment under Rule 60(b).[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Jurisdiction
 
 3
 The government contends that the district court lacked jurisdiction over the $22,000.00 because the currency was disbursed to local and federal agencies before Ingram filed his motions for return of property and relief from default judgment.
 
 
 4
 "The Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the res from the District." Republic Nat'l Bank Of Miami v. United States, 113 S. Ct. 554, 560 (1992). There is no established rule that jurisdiction over an in rem forfeiture proceeding depends upon continued control of the res. Id. at 557. Thus, the distribution of the res in a forfeiture proceeding does not deprive this court or the district court of jurisdiction over the forfeiture proceeding. See id. at 559-560.
 
 II. Rule 60(b) Motion
 
 5
 Ingram appears to contend that the district court erred by denying his Rule 60(b) motion because inadequate notice rendered the forfeiture void under Rule 60(b)(4), and that his attorney's "gross negligence" qualified as "other reasons" for granting relief under Rule 60(b)(6).
 
 
 6
 This court reviews a trial court's grant or denial of a Rule 60(b) motion for an abuse of discretion. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). A trial court has the discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. Id. "This tripartite test is disjunctive." Id. at 526. "A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint." Id.
 
 
 7
 Here, Ingram's claim under Rule 60(b)(4) that the judgment is void for lack of notice is without merit. Ingram was using an alias, Howard K. Stevens, when authorities seized the $22,000.00. He gave authorities a home address which in reality was a private post office company. Ingram also was a fugitive from justice with respect to unrelated drug charges at the time of the seizure. The government notified Ingram and his attorney of the impending forfeiture action, and a bond was posted by Ingram to secure his claim to the currency. Neither Ingram, nor his attorney, attempted to notify the authorities of Ingram's whereabouts after the bond was posted or his new change of address. Ingram may not complain eight years later of inadequate notice given his fugitive status, name change, address change, and lack of inquiry about the currency or the forfeiture proceedings. Thus, the district court did not abuse its discretion in finding that the government provided proper notice. See Id. at 525; cf. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1515 (9th Cir. 1995) (fugitive disentitlement doctrine provides that a fugitive from justice under certain circumstances loses the right to call upon resources of the courts and has been applied in the context of civil forfeiture claims).
 
 
 8
 Ingram's Rule 60(b)(6) claim based upon his attorney's gross negligence in failing to keep him apprised of the forfeiture proceeding is also meritless. Ingram's failure to respond to the default proceeding after proper notice was given by the government was due to his own culpable conduct. See In re Hammer, at 525-26. Ingram never notified his attorney of his new address change. Additionally, after receiving notice of the forfeiture and posting a bond, Ingram never attempted to contact the government concerning the $22,000.00. Moreover, even if Ingram's attorney was negligent, and Ingram blameless, the attorney's culpable conduct is imputed to Ingram. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 113 S. Ct. 1489, 1499 (1993); see also Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir. 1989). It is undisputed that Ingram's attorney of record had adequate notice of the impending forfeiture proceeding and default judgment.
 
 
 9
 Thus, the district court did not abuse its discretion by denying the Rule 60(b) motion, finding that Ingram's culpable conduct, or culpable conduct imputed to him, led to the default judgment. See In re Hammer, 940 F.2d at 525.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Ingram also contends that the district court erred by failing to appoint counsel for his Rule 41(e) motion to the district court. Ingram argues that a civil forfeiture action constitutes punishment, and thus, under the Sixth Amendment he had a right to counsel. Ingram's claim lacks merit. This court has held that no Sixth Amendment right to counsel attaches in a civil forfeiture proceeding. See United States v. $292,888.04 In U.S. Currency, No. 93-16751, slip op. 5619, 5629 (9th Cir. May 24, 1995). Moreover, this court denied Ingram's January 30, 1995 motion for appointment of counsel on appeal finding that the case did not present "exceptional circumstances" warranting appointment of counsel, and that the issues in the case were not so complex as to impair Ingram's ability to articulate his claims pro se. See Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)
 
 
 [2]
 Ingram's Rule 41(e) motion was also properly denied by the district court. Because we find that Ingram's Rule 60(b) motion was properly denied and that he received proper notice of the forfeiture proceeding, the forfeiture proceeding provided an adequate remedy at law and Ingram is not entitled to the equitable remedy provided under Rule 41(e). See United States v. Elias, 921 F.2d 870, 871 (9th Cir. 1990); cf. United States v. Clagett, 3 F.3d 1355, 1356 n.1 (9th Cir. 1993) (lack of adequate notice in forfeiture proceeding deprives a claimant of adequate remedy at law and Rule 41(e) equitable relief is available)