In re Thomas J. DEVINE, Debtor.

Holly WORRALL and Douglas Worrall, Plaintiffs,

v.

Thomas J. DEVINE, Defendant.

Bankruptcy No. 90–06703–H3–7.
Adversary No. 90–0782.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 30, 1995.

Richard S. London, London & Associates, Houston, TX, for Plaintiffs.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Before the court is the Amended Motion to Set Aside Default Judgment and Grant New Trial (Docket No. 35) filed by the Debtor on September 27, 1991. The motion was denied by the court by order entered November 5, 1991, and Debtor appealed. The District Court remanded the proceeding to this court "so that the bankruptcy court may explain its reasons for denying the debtor's motion to set aside default judgment and grant a new trial."

The court has reviewed the file not only in this case but in two preceding bankruptcy cases filed in the Southern District of Texas in which Devine was involved, as well as lengthy proceedings in the United States District Court for the District of Hawaii and ultimately an appeal before the Ninth Circuit Court of Appeals. The following are the Findings of Fact and Conclusions of Law of the court. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Background

Thomas J. Devine ("Devine") was a debtor before this court in Case No. 87–02022–H3–7 (the "First Bankruptcy Case"). The First Bankruptcy Case was filed as a voluntary case under Chapter 11 on February 27, 1987, and was converted to Chapter 7 by an order entered on May 6, 1988. The First Bankruptcy Case was dismissed by order entered June 30, 1989 (Case No. 87–02022–H3–7, Docket No. 76) on the motion of the Chapter 7 trustee (Case No. 87–02022–H3–7, Docket No. 68).

Devine was the president of Ringgold Corporation, which filed its own voluntary Chapter 11 petition in Case No. 87–02023–H5–11 on February 27, 1987, the same date on which Devine filed his voluntary petition. The Ringgold case was converted to Chapter 7 by order entered May 14, 1990 (Case No. 87–02023–H5–11, Docket No. 247). Devine appeared in the Ringgold case first as the president of Ringgold (Case No. 87–02023–H5–11, Docket No. 114), then as a creditor (Case No. 87–02023–H5–11, Docket No. 273), and finally, under arrest by the U.S. Marshal, as the designated representative of Ringgold (Case No. 87–02023–H5–11, Docket No. 289).

Devine commenced the above captioned Chapter 7 case by filing a voluntary petition on September 27, 1990. Holly and Douglas Worrall (the "Worralls") filed the above captioned adversary proceeding and a companion adversary proceeding, Adversary No. 90–0783, seeking denial of Devine's discharge and/or exception from any bankruptcy discharge of all of Devine's debt based on the judgment of the United States District Court for the District of Hawaii in Case No. 83–0711–PA (the "Hawaii Case"). The judgment in the Hawaii Case was affirmed by the Ninth Circuit Court of Appeals. *Ringgold Corp. v. Worrall,* 880 F.2d 1138 (9th Cir. 1989).

### Pattern of Non–Appearance

The records in the above captioned bankruptcy case, the above captioned adversary

proceeding, the First Bankruptcy Case, the Ringgold Case, and the Hawaii Case are replete with instances in which the Devine was required to appear, yet failed to do so.

In the Hawaii case, the Ninth Circuit found that Devine had failed to appear for a pretrial conference, a hearing on a motion for default, and the trial date in the matter. *Ringgold Corp. v. Worrall*, 880 F.2d 1138 (9th Cir.1989). As in the instant case, Devine filed a motion to set aside a default judgment entered by the District Court in Hawaii, alleging he received inadequate notice of the October 21, 1986 trial date. The Ninth Circuit determined that Devine and Ringgold had engaged in a pattern of repeated failure to attend pretrial conferences, and failure to otherwise participate in or remain informed about the litigation, and failure to attend on the first day of a trial which had been scheduled months in advance. *Id.*, at 1141.

In the First Bankruptcy Case, the Chapter 7 trustee filed a motion to dismiss on April 14, 1989 (Case No. 87–02022–H3–7, Docket No. 68). The motion contains a declaration by the trustee stating that Devine failed to appear at creditors' meetings pursuant to Section 341 on September 27, 1988 and on October 25, 1988. Notice was given by the Clerk of the filing of the motion to dismiss (Case No. 87–02022–H3–7, Docket No. 69, 70), and of the hearing set on the motion for June 27, 1989 (Case No. 87–02022–H3–7, Docket No. 74). Devine failed to appear at the hearing on June 27, 1989, and the case was dismissed on the trustee's motion (Case No. 87–02022–H3–7, Docket No. 76). Devine filed a motion to reinstate the First Bankruptcy Case on August 11, 1989. The court denied the motion by order entered October 23, 1989 (Case No. 87–02022–H3–7, Docket No. 85)

Devine's non-appearance in the Ringgold case was noted by the court in its Order and Memorandum Opinion Granting Sanctions for Bankruptcy Rule 9011 Violations (Case No. 87–02023–H5–7, Docket No. 295). That bankruptcy court granted sanctions against Devine for falsely stating that he had not received notice of several hearings in the case. In the opinion, the court noted that it had ordered Devine to appear at Ringgold's creditors' meeting as the debtor's representative pursuant to Bankruptcy Rule 2005. Devine had claimed not to have received notice because the notices were directed to him in his capacity as a creditor, rather than as the representative of Ringgold. Noting that Devine was an attorney, although not one licensed to practice in Texas, the court determined that Devine had a duty to know the rules of court and to appear after he himself requested a hearing. The court concluded that Devine "has a pattern of conveniently failing to receive notice from this Court, from the trustee, and from the former counsel for debtor. After reviewing the evidence offered at the hearings, this Court concludes that Devine is lacking in credibility and received notice of the motions and hearings." (Case No. 87–02023–H5–7, Docket No. 295, at p. 7).

### Non–Appearance in This Case

In the above captioned adversary proceeding, Devine appeared through counsel throughout the pretrial proceedings, then failed to appear at trial on September 17, 1991. Devine and his attorney assert in the Amended Motion to Set Aside Default Judgment and Grant New Trial (Docket No. 35) that they had mistakenly calendared the trial for September 19, 1991. At the pretrial conference on August 6, 1991, with Devine personally present, the court announced a trial date of September 17, 1991. The announced trial date was recorded on the Deputy Clerk's Courtroom Minutes, which is part of the court's file in the above captioned adversary proceeding (Adversary No. 90–0782, Docket No. 26). The Worralls' attorney was present for trial on September 17, 1991. The court concludes that Devine was personally aware of the correct trial date and that even a cursory inquiry by counsel into the record would have revealed the correct trial date.

A hearing was held on the Amended Motion to Set Aside Default Judgment and Grant New Trial on June 29, 1995. Devine personally appeared at that hearing. The court continued the hearing to July 18, 1995, at 4:00 p.m., in order to permit the court to retrieve the files in this adversary proceed-

ing from storage. The date for the continued hearing was announced in open court, and is reflected on the Deputy Clerk's Courtroom Minutes for the June 29, 1995 hearing (Adversary No. 90–0782, Docket No. 50). Devine failed to appear at the hearing on July 18, 1995.

### Discussion

The Federal Rules of Bankruptcy Procedure provide for setting aside of an entry of default for good cause shown. Bankruptcy Rule 7055, Rule 55(c), Fed.R.Civ.P. The Rules also provide for the setting aside of a default judgment in the event of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence, fraud, voidness of the judgment, satisfaction, or for any other reason justifying relief. Bankruptcy Rule 7055, Rules 55(c) and 60(b), Fed.R.Civ.P.

██ A trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun. The situation is no different when, after repeated failure to attend pretrial conferences, otherwise participate in or remain informed about the litigation, a party fails to attend on the first day of a trial scheduled months before. *Ringgold Corp. v. Worrall*, 880 F.2d 1138 (9th Cir. 1989); *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61 (2d Cir.1986).

██ The court finds Devine's assertion of mistake in calendaring the trial date in the above captioned adversary proceeding not credible in light of his extensive history of failure to appear combined with claims of mistake in all of the preceding cases as well as in the instant case. The court concludes that it is appropriate to deny the Amended Motion to Set Aside Default Judgment and Grant New Trial.

Based on the foregoing, a separate judgment will be entered denying the Amended Motion to Set Aside Default Judgment and Grant New Trial (Docket No. 35).