119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIAMOND BENEFITS LIFE INSURANCE COMPANY, an Arizona
corporation in Receivership, by and through Lawrence J.
Warfield, Special Deputy Receiver for Diamond Benefits Life
Insurance Company, Plaintiff-Appellant,
v.
Lawrence J. DREYFUSS, Cameron, Dreyfuss & Wolf, Cameron &
Dreyfuss, Defendants-Appellees.
 No. 96-55488.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July7, 1997.
Decided July 18, 1997.
 
 1
 Appeal from the Decision of the United States District Court for the Central District of California, No. 96-55488; Richard A. Gadbois, District Judge, Presiding.
 
 
 2
 Before: CANBY and THOMAS, Circuit Judges, and KING,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Diamond Benefits Life Insurance Company ("Diamond") appeals the district court's dismissal of its diversity action as a sanction for its failure to comply with court rules, procedures, and three court orders to produce documents. In the underlying action, Diamond alleged that attorney Lawrence Dreyfuss and the law firms of Dreyfuss & Wolf and Cameron & Dreyfuss (collectively, "Dreyfuss") committed legal malpractice by failing to obtain a deficiency judgment in a $12 million foreclosure action. Dreyfuss contends that the appeal was untimely. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 A. Underlying Case
 
 5
 In or about 1989, Diamond retained Dreyfuss to collect on the non-payment of a promissory note to which Diamond was an assignee (the "Note"), and possibly to foreclose on a deed of trust securing the note (the "Deed of Trust"). The $12 million Note was dated December 31, 1987, and executed by Hill Top Developers, Inc. ("Hill Top"). The property securing the note was held by One Hundred Thirteen Corporation, which corporation was Trustor of the Deed of Trust and Diamond the beneficial owner of the Deed of Trust.
 
 
 6
 Dreyfuss filed suit against One Hundred Thirteen Corporation, but failed to name Hill Top as a defendant. As a result, Diamond, by and through Special Deputy Receiver to the Arizona Department of Insurance, Lawrence Warfield, sued Dreyfuss for legal malpractice and general negligence. Diamond alleged that Dreyfuss' mishandling of the foreclosure action precluded Diamond from obtaining a deficiency judgment on the Note.
 
 B. Discovery Proceedings
 
 7
 On September 20, 1994, Dreyfuss served Diamond with a request for production of documents.[1] By August, 1995, the parties were still at loggerheads over production of documents. Dreyfuss had filed three motions to compel or to dismiss for failure to comply with discovery orders. The district court admonished Diamond's counsel, imposed monetary sanctions, and raised the possibility of dismissal twice. Finally, on August 14, 1995, the court granted Dreyfuss' motion for dismissal, stating:
 
 
 8
 THE COURT: Mr. Buckley, if you think I take any pleasure in this, you're sorely mistaken.
 
 
 9
 I have to make a decision on the record in this case, and having in mind the animus that has been evident from its very beginning amongst counsel; on the basis of the record.
 
 
 10
 I'm very familiar with [what] Judge Real did.
 
 
 11
 I now make the decision that the sanctions are reduced to $4,000 for reasons stated in the papers. The time for you to pay that is extended until the close of business on September 1 of this year.
 
 
 12
 In all other respects, the motion for reconsideration is denied.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 With regards to dismissal, it's granted and the case is dismissed.
 
 
 16
 This isn't a happy thing for me to do Mr. Buckley. It really isn't.
 
 
 17
 I think this is a noble profession and what I have just done is--well, certainly, I think, if you are a conscientious lawyer, and I have no reason to think you're not, that's sort of a devastating thing. It's difficult for me to do that. That's why I have let [these] proceedings go on the length that is has.
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 I served for many years when I was in private practice in high positions in the Bar Association, which I have regarded myself as privileged to be engaged in, and I suspect that if you were back in front of Judge Real today, he might refer this matter to the State Bar. And I'm sorry it worked out this way.
 
 
 21
 I don't think it reflects very well on anybody connected with this case; and I'm now looking at the other table. I really don't think that lawyers ought to get involved in this sort of personalities exchange and animus I've seen in this case.
 
 
 22
 The order presently before this court was entered on October 10, 1995 (the "Order").
 
 C. Timing of Appeal
 
 23
 On October 24, 1995, Diamond filed a motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure or alternatively, for reconsideration on the ground that new facts were discovered, pursuant to Central District Local Rule 7.16. Diamond argued, inter alia, that noncompliance by Diamond was not willful but the fault of Mr. Buckley at the time and that the dismissal did not comport with due process or Ninth Circuit law. Diamond also contended that the court "manifest[ed] a lack of consideration of certain of the evidence before it." On November 8, 1995, Dreyfuss filed an opposition. On November 20, 1995, Diamond filed a reply.
 
 
 24
 On February 23, 1996, Judge Gadbois denied Diamond's motion for relief from judgment and for reconsideration. Diamond filed its notice of appeal on March 22, 1996. Subsequently, timeliness issues were raised and ultimately referred to this merits panel.
 
 DISCUSSION
 A. Timeliness of Appeal
 
 25
 Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days after the date of entry of the order appealed from. FED. R.APP. P. 4(a)(1). Here, the Order appealed from was entered on October 10, 1995. Diamond filed its notice of appeal on March 22, 1996, more than five months later. Diamond contends that the notice was timely because in the interim, it filed a motion for relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure, and in the alternative, a motion for reconsideration under Local Rule 7.16, which tolled the notice filing requirement. We agree. Each rule is examined in turn here.
 
 
 26
 Rule 60(b) motions toll the time for filing a notice of appeal only if those Rule 60(b) motions are filed no later than ten days after the entry of judgment. FED. R.APP. P. 4(a)(4)(F). Since this is an appellate rule, it is governed by the appellate rules on computing time. FED. R.APP. P. 26(a) Under Rule 26(a) of the Federal Rules of Appellate Procedure, calendar days are used for computing time, unless the period at issue is seven days or less. Id. Here, the Order was entered on October 10, 1995, and Diamond filed its Rule 60 motion on October 24, 1995, four days too late. Therefore, Diamond's Rule 60 motion failed to toll the appeal period.
 
 
 27
 California's Central District Local Rule 7.16 governs motions for reconsideration. Motions for reconsideration may be construed as motions to alter or amend judgment under Rule 59(e), of the Federal Rules of Civil Procedure. Osterneck v. Ernst & Whinney, 489 U.S. 169, 174, 109 S.Ct. 987, 990, 103 L.Ed.2d 146 (1989); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992). In Osterneck, the Supreme Court held that a postjudgment motion will be considered a Rule 59(e) motion where it involves "reconsideration of matters properly encompassed in a decision on the merits." 489 U.S. at 174, 109 S.Ct. at 990 (citation omitted). Because the motion here sought to overturn the dispositive dismissal sanction, it was a Rule 59(e) motion to alter or amend judgment.
 
 
 28
 Timely Rule 59(e) motions are tolling motions for purposes of filing a notice of appeal. FED. R.APP. P. 4(a)(4); In re Carolina Triangle Ltd. Partnership, 166 B.R. 411, 415 (9th Cir. BAP1994) (holding that time to file notice of appeal did not begin until after entry of order denying motion for reconsideration brought under rule similar to Rule 59(e)). A Rule 59(e) motion is timely if it is filed no later than ten days after entry of the judgment. FED.R.CIV.P. 59(e). Since this is a civil rule, it is governed by the civil rules on computing time. FED.R.CIV.P. 6(a). Under Rule 6(a) of the Federal Rules of Civil Procedure, when the period of time allowed is less than eleven days, as it is here, Saturdays, Sundays, and legal holidays are excluded in computing time. Id. Here, the Order was entered on October 10, 1995, and Diamond filed its Rule 59(e) motion on October 24, 1995, fourteen days less four weekend days, later. Thus, the motion was timely.
 
 
 29
 Therefore, Diamond's motion for reconsideration tolled the filing requirement for a notice of appeal. The court denied Diamond's motion on February 23, 1996, thereby triggering the thirty day appeal period. Diamond filed its notice of appeal on March 22, 1996, making the appeal timely. Thus, the scope of this appeal is not limited to the denial of the motion for reconsideration, and we need not reach Diamond's contention that the separate judgment rule was violated. We now turn to the merits of this case.
 
 B. Dismissal Sanction
 
 30
 We review a district court's imposition of discovery sanctions for abuse of discretion. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990) (citing North American Watch Co. v. Princess Ermine Jewels, 786 F.2d 1447, 1450 (9th Cir.1986)). Absent a definite and firm conviction that the sanction was clearly outside the acceptable range of sanctions, a Rule 37 sanction will not be overturned. Id.; Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988).
 
 1. Abuse of Discretion
 
 31
 Under Malone, five factors govern whether dismissal is proper for failure to comply with a court order:
 
 
 32
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
 
 
 33
 Id. It is not necessary for a district court to make explicit findings to show that it has considered these factors. Id. (citing Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986)).
 
 
 34
 Where a court order is violated, as is the case here, the first two factors support sanctions and the fourth factor cuts against a dismissal. Adriana, 913 F.2d at 1412. Therefore, it is the third and fifth factors that are dispositive. Id. As to the risk of prejudice to defendants, delay alone is not enough. Id. (citing United States v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir.1988)). Failure to produce documents as offered, however, does constitute sufficient prejudice. Id. (citing Securities and Exchange Comm'n v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir.1982)).
 
 
 35
 In the present case, the district court ordered Diamond three times to produce the documents and warned of dismissal as a possible sanction twice. While Diamond insists that it "overproduced" documents by providing "useless" and "marginally relevant" documents, this fails to vindicate Diamond. The record establishes that counsel did not produce documents as promised. Mr. Buckley explicitly promised the production of specific documents. Instead, Diamond changed its story and stated that the documents originally promised did not in fact exist. Therefore, prejudice is established under Malone.
 
 
 36
 The district court also adequately considered the impact of the sanction and the availability of less drastic sanctions under Malone. We consider three questions in determining whether the district court has properly considered the impact of the sanction: (a) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate? (b) did the court implement alternative sanctions before ordering dismissal? and (c) did the court warn the party of the possibility of dismissal before actually ordering dismissal? Adriana, 913 F.2d at 1412-13 (citing Malone, 833 F.2d at 132).
 
 
 37
 Here, the district court clearly satisfied (b), imposing alternative sanctions, and (c) warning of possible dismissal. The court imposed alternative sanctions when it ordered Mr. Buckley to pay $4,000 in costs and fees, which Diamond ultimately paid, and to complete eight hours of continuing legal education in professional responsibility. The court warned of dismissal as a sanction not once, but twice. Even though the court failed to explicitly explain why alternative sanctions would be inappropriate, factor (c), we find that it was not necessary here. Explicit discussion that the court considered alternative sanctions is not necessary if the court actually employed alternative sanctions. Malone, 833 F.2d at 132. Nor is such discussion necessary when the party disobeys a court order: "A plaintiff can hardly be surprised by a harsh sanction in response to a willful violation of a pretrial order." Id. at 133. Here, Diamond had already disobeyed three court orders. Later, Mr. Buckley even initially disobeyed the sanction order by refusing to pay the costs and fees to Dreyfuss, which Diamond itself later paid.
 
 
 38
 Finally, Judge Gadbois' discussion after the dismissal, in and of itself, shows that he was well-aware of the impact of such a sanction and gave great thought to imposing it. Four of the five Malone factors clearly weigh in favor of dismissal. Thus, the district court complied with Malone.
 
 
 39
 Diamond suggests that this panel turn the Malone test into a six factor test, i.e., that district courts should be precluded from ordering dismissal if the attorney and not the client is at fault. They urge that this panel require district court judges to explicitly discuss relative client-attorney culpability. We cannot find that Judge Gadbois failed to consider what is undoubtedly an inherent and obvious consideration to every trial judge in making such a weighty decision. This court need not require a district judge to explicitly discuss that consideration, particularly when the violations are egregious, as in this case. Moreover, this court has repeatedly rejected the contention that a client can be wholly exculpated from the doings of its attorney. Malone, 833 F.2d at 134. Accordingly, we decline to modify Malone, and we find that the district court did not abuse its discretion in dismissing the case.
 
 2. Violation of Due Process
 
 40
 Diamond argues that the dismissal was a violation of its right to due process. This contention clearly is without merit. So long as a party is given actual notice that it will be faced with sanctions, including dismissal, for failing to comply with court orders, plaintiffs are not denied their right to be heard. Toth v. Trans World Airlines. Inc., 862 F.2d 1381, 1387 (9th Cir.1988).
 
 
 41
 Diamond cites Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), for the proposition that its case should not have been dismissed because it made good-faith efforts to comply and the court made no finding of bad faith on its part. Diamond's reliance on Societe Internationale, however, is misplaced. In Societe Internationale, the dismissed party could not comply with pretrial discovery orders because to do so, it would have had to violate Swiss penal law and be faced with criminal sanctions. Id. at 211, 78 S.Ct. at 1095.
 
 
 42
 Here, there is no suggestion that Diamond's failure to comply was due to circumstances beyond its control. A party's failure to be aware of its counsel's actions is not a circumstance beyond its control. Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390 (1962). Nor are we convinced that Diamond was completely unaware of its counsel's actions. In a deposition taken in March, 1995, nearly five months prior to the court's Order, Lawrence Warfield learned that documents he thought had already been turned over, had not in actuality been turned over by counsel. Accordingly, we find that Diamond's due process rights were not violated.
 
 C. Support for Factual Findings
 
 43
 Diamond contends that the district court lacked factual findings to dismiss its case. Findings of fact related to a discovery sanction are reviewed for clear error. Adriana, 913 F.2d at 1408 (citing Halaco Engineering Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988)). If the district court fails to make factual findings, the decision on a motion for sanctions is reviewed de novo. Id. (citing Kahaluu, 857 F.2d at 603). We find that the factual findings in the Order do not manifest clear error.
 
 
 44
 Diamond contends that this court should not review the Order for clear error because it was drafted by Dreyfuss at the court's direction. See L.K. Comstock & Co., Inc. v. United Engineers & Constructors Inc., 880 F.2d 219, 222 (9th Cir.1989) (wholesale adoption of prevailing party's findings is disapproved). However, "[t]he fact that the trial judge has adopted proposed findings does not, by itself, warrant reversal." Id. The standard of review is still clear error, but we will examine the record with greater scrutiny.
 
 
 45
 Diamond's constantly renewed assertions that it was completely unaware of Mr. Buckley's actions and the discovery problems before the court are unfounded and nonetheless, irrelevant. The allegation that Mr. Buckley failed to forward inter alia, court orders and correspondence between himself and Dreyfuss, matters not.
 
 
 46
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.
 
 
 47
 Link, 370 U.S. at 633-34, 82 S.Ct. at 1390; Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir.1989); Toth, 862 F.2d at 1387; Malone, 833 F.2d at 134. While relative culpability may be relevant under some circumstances, it has no place in a case where the party has violated a court order, or three. See Chism, 637 F.2d at 1332 ("[D]istrict courts cannot function efficiently unless they can effectively require compliance with reasonable rules."). Finally, we note that in this case, two different district court judges reviewed the record and came to the same conclusion. We find that the record supports the dismissal.
 
 D. Motion for Reconsideration
 
 48
 Finally, Diamond contends that the court abused its discretion when it denied Diamond's motion for relief from judgment or for reconsideration. Rule 60(b) motions for relief from judgment are addressed to the sound discretion of the district court and will not be overturned absent abuse of discretion. Maraziti v. Thorpe, 52 F.3d 252, 253 (9th Cir.1995); Barber V. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). The same standard applies to rule 59(e) motions for reconsideration. Barber, 42 F.3d at 1198 (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)).
 
 
 49
 Relief from judgment under Rule 60(b) requires a showing of: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County v. ACandS. Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (citation omitted). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Id.
 
 
 50
 Diamond's motion was made "on the grounds that the Court did not previously know or consider that all documents were produced" as well as on the same grounds as the present appeal on the dismissal sanction.[2] We decline to second guess what the district court considered in the record, but Diamond's allegation that all documents were produced was before the district court. This contention was not newly discovered evidence. Nor did it constitute mistake, surprise, neglect, fraud, or an extraordinary circumstance. We give the same reasons for denying Diamond's arguments on its motion for reconsideration as we gave above in affirming its dismissal. Accordingly, we hold that the district court did not abuse its discretion in denying Diamond's motion for reconsideration.
 
 CONCLUSION
 
 51
 Because the record shows that the district court neither abused its discretion nor made any clear errors in its factual determinations, the dismissal is
 
 
 52
 AFFIRMED.
 
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the relevant time, Diamond was represented by Brian L. Buckley of Gansinger, Hinshaw & Buckley ("Mr.Buckley"). Dreyfuss was represented by Adam L. Johnson and Byron S. Hollins of Hollins & Rice ("Dreyfuss' Counsel")
 
 
 [2]
 Diamond contends that its arguments on reconsideration are "interconnected with the arguments on appeal of the dismissal," and sets forth no further explication of its reconsideration claim