HALL, Circuit Judge,
dissenting:
I agree with the majority that we do not have jurisdiction to entertain an appeal from the underlying dismissal for failure to prosecute. I must respectfully dissent, however, from the balance of the majority opinion. I disagree with the majority’s conclusion that the district court abused its discretion in denying the Rule 60(b) motion. I do not believe that Cmty. Dental Servs. v. Tani, 282 F.3d 1164 (9th Cir. 2002), applies to a dismissal for failure to prosecute, and even if it were applicable, the district court acted within its discretion in denying Lai’s motion.
I.
The district court assumed arguendo that our decision in Tani could apply to allow a party relief from judgment in cases of gross attorney negligence in circumstances beyond default judgments. The majority opinion addresses this issue directly and approves this extension of Tani. I disagree.
We have never held that Tani applies outside the context of relief from a default judgment. We have held, to the contrary, that “[o]ur decision in Tani was explicitly premised upon the default judgment context of the case.” Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir.2006). The majority circumvents this limitation by concluding that a dismissal for failure to prosecute is the “converse” of a default judgment, and that the only difference between the two types of dismissals is the party that suffers the adverse judgment.
There are important distinctions between dismissals for failure to prosecute and default judgments. It is a plaintiffs burden to prosecute a case, and we have previously stated that a litigant has “a duty to keep track of the progress of their lawsuit,” even when represented by counsel. Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir.1989). A plaintiff chooses when and where to bring a case, and which claims to bring, whereas a defendant subject to a default judgment lacks such fundamental control over a lawsuit and may have been deprived of the opportunity to respond to allegations against him or her.
Accordingly, in Link v. Wabash R.R. Co. the Supreme Court held that it was proper *528 for a court to dismiss an action under Rule 41(b) for failure to prosecute where the plaintiff was not aware of, or was faultless in, the attorney’s negligence:
There is certainly no merit to the contention that dismissal of the petitioner’s claim because of his counsel’s unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agency ... And if an attorney’s conduct falls substantially below what is reasonable under the circumstances, the client’s remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because the plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiffs lawyer upon the defendant.
370 U.S. 626, 633-634 & n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Even though the plaintiff in Link may have lost the opportunity to recover from the defendant for his personal injuries, the Supreme Court reasoned that the defendant should not be penalized for the misconduct of plaintiffs lawyer. The plaintiffs proper avenue of relief after a dismissal for failure to prosecute was to seek damages from his attorney in a malpractice lawsuit.
Our decision in Tani spells out why a malpractice lawsuit may be an ineffective remedy for a default judgment, and in doing so demonstrates why a default judgment is more likely to have irreparable consequences than a dismissal for failure to prosecute. Tani was subject to a $2 million default judgment enjoining him from continuing to use his business name. Even if he were able to recover in a malpractice action some day in the future, in the interim he might need to sacrifice significant personal and business assets and drastically cut back on his familial expenses in order to satisfy the judgment. 282 F.3d at 1171-72. The malpractice suit also would not restore Tani’s ability to use his business name and the intangible business benefits that ensue from continued use of that name. Id. at 1172.
The dismissal of Lai’s lawsuit for failure to prosecute, like the dismissal of the lawsuit in Link, does not raise similar inequities. As the Supreme Court has indicated, Lai can be compensated through a malpractice action against her attorney, and she will not be saddled with a substantial money judgment or injunction in the interim. A plaintiff who has suffered bodily, emotional or economic injuries certainly may be forced to bear the costs of those injuries until the resolution of a malpractice suit, but the protracted nature of civil litigation likely would have forced plaintiff to bear these costs had the initial lawsuit proceeded to a judgment on the merits. The consequences to Lai of dismissal of her lawsuit for failure to prosecute do not justify a departure from the usual lawyer-client agency principles set forth in Link, and therefore her lawyer’s misconduct does not constitute the “extraordinary circumstances” required for relief under Rule 60(b)(6).
II.
Even if Tani were applicable in the context of dismissal for failure to prosecute, I do not believe the district court abused its discretion in its application of Tani.
A district court abuses its discretion when it applies the incorrect legal standard or its “application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.” United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc) (internal citations and quotation marks omitted). We may not “simply substitute our view for that of the district court,” and we must *529 be “left with the definite and firm conviction that a mistake has been committed.” Id. The majority fails to afford sufficient deference to the judgment of the district court.
The district court relied on two primary factors in denying Lai’s motion: (1) Lai’s four month delay in pursuing the motion after discovering the dismissal, and (2) prejudice to defendants.
The majority finds that Lai acted diligently during the four months between learning of the dismissal of her lawsuit and filing the Rule 60(b) motion. It first credits Lai’s statement that she continued to be “represented” and “misled” by Spahr throughout October. This conclusion, however, is at least arguably belied by her filing a complaint with the State Bar on October 12, 2007 and by calling another attorney on October 1, 2007 to confirm that Spahr was lying about refiling her action in state court. The majority next emphasizes Lai’s efforts to secure a lawyer in November, December and January, yet, as pointed out by the district court, Lai also stated in her declaration that she would have appeared in court without her attorney had she known about the hearing her attorney missed. She filed a pro se complaint against her attorney with the California bar less than two weeks after learning of the dismissal, yet she made no contact with the district court in the four months preceding her Rule 60(b) motion. Lai found representation just two days after her husband’s death, and represented to the court that she would have “gotten legal representation elsewhere a long time ago” had she known about Spahr’s problems. Even though the record might arguably support the majority’s conclusion that Lai acted diligently, it also supports the district court’s conclusion to the contrary.
The district court’s finding of prejudice to defendants is also supported. It relied primarily on an expert opinion submitted by defendants regarding the effects of memory loss on the officers’ testimony. Three years had passed since the shooting of Lai’s husband and almost one year had passed since the officers were “prompted” to let go of their memories of the event through notification of the final order of dismissal. Nevertheless, the majority cites to the existence of several percipient witnesses and contemporaneous interviews and concludes that “Defendants cannot convincingly argue” that they would be substantially prejudiced “even if it is true that Defendants’ memories significantly deteriorated during these ten months” between dismissal and the Rule 60(b) motion. Defendants, however, bear no burden of establishing prejudice. The burden is entirely upon the moving party to demonstrate “extraordinary circumstances” beyond their control, and the court to evaluate the equities involved. The district court found the expert opinion credible and persuasive, and Lai did not object to the district court’s reliance on the expert testimony at the hearing.
We have stated repeatedly that Rule 60(b)(6) motions should be used sparingly, see, e.g., Latshaw, 452 F.3d at 1103, and the district court acted within its discretion in denying Lai’s motion. The district court was entitled to weigh the equities as presented by the record before it, and in my view the majority improperly supplants its own views for the reasoned analysis of the district court.
III.
I would AFFIRM the district court’s denial of Lai’s motion for relief from the dismissal. Accordingly, I dissent.