NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEW SHOW STUDIOS, LLC, a Nevada limited liability company; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GREG HOWE, an individual and DOES, 1 through 20, inclusive, <br><br> Defendants-Appellants. | No. 16-56906 <br><br> D.C. No. 2:14-cv-01250-CAS-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Greg Howe appeals pro se from the district court's entry of default judgment

against him in this defamation action.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion the district court's decision to order

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellees' request for oral argument, set forth in the answering brief, is denied.

default judgment.  *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court did not abuse its discretion by entering default judgment against Howe because within one week of trial he attempted to terminate his attorney, failed to retain replacement counsel, and failed to notify in advance the district court and opposing counsel that he would not attend trial, which resulted in substantial prejudice to appellees.  *See Ringgold Corp v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (stating that district court has broad latitude to impose the sanction of default for non-attendance at trial).

Denial of Howe's requests to transfer venue was not an abuse of discretion because Howe unreasonably delayed in seeking transfer until after the date scheduled for the commencement of trial.  *See Allen v. Scribner*, 812 F.2d 426, 436 (9th Cir. 1987) (setting forth standard of review and upholding district court's denial of motion to transfer venue "notwithstanding possible inconvenience to the witnesses" because "the transfer of this case undoubtedly would have led to delay").

**AFFIRMED.**