**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL VINCENT BALL CAPLES, | No. 18-16410 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02619-SRB |
| v. | |
| CITY OF PHOENIX, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 5, 2020**
Phoenix, Arizona

Before: HAWKINS, OWENS, and BENNETT, Circuit Judges.

Carl Caples appeals from the district court's summary judgment in favor of

the City of Phoenix ("the City") on statute of limitations grounds in Caples'

42 U.S.C. § 1983 action alleging municipal liability under *Monell v. Department of*

*Social Services*, 436 U.S. 658 (1978). We review de novo a district court's

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision to grant summary judgment. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We affirm.

Caples argues that his claim accrued when it became clear that the harm he suffered was the consequence of a municipal policy or custom. *See Monell*, 436 U.S. at 694. This court has not yet considered the delayed accrual theory proposed by Caples. However, we need not do so in this case because Caples' claim was untimely even under delayed accrual.

Caples alleges that he learned his arrest was the result of an unlawful policy or custom in October 2014, when the City released a report providing what Caples describes as the "essential factual basis" for his *Monell* claim. Specifically, the report allegedly proved that Caples was just one of several people wrongly accused of arson by the Phoenix Fire Department ("PFD"), and that the PFD's accelerant-detecting dog program was so flawed that the PFD had to "entirely revamp" the program.

However, the record shows that Caples' criminal defense lawyer learned those same allegedly essential facts while litigating Caples' criminal case in 2010. It is undisputed that by September 2010 at the latest, Caples' lawyer knew the essential facts that allegedly prove the existence of an unlawful municipal policy or custom. Caples is therefore considered to have received notice of those facts by

September 2010. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989). He did not file his complaint until 2014. The complaint was untimely under Arizona's two-year statute of limitations for personal injury claims. Ariz. Rev. Stat. § 12-542; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the timeliness of § 1983 claims is governed by the forum state's personal injury statute of limitations).

**AFFIRMED**.